Thomas R. Meites
Michael M. Mulder
Paul W. Mollica
Shona B. Glink
MEITES, MULDER, MOLLICA & GLINK
20 South Clark Street
Suite 1500
Chicago, IL 60603

Steven A. Mindel
FEINBERG, MINDEL, BRANDT & KLINE
12424 Wilshire Blvd., Suite 900
Los Angeles, CA 90025-1060

Attorneys for Putative Class Member and Objector Robert M. Johnson

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION - LOS ANGELES

| | |
|---|---|
| RALPH SHAFFER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CONTINENTAL CASUALTY COMPANY, CNA FINANCIAL CORPORATION, dba CNA LTC., and VALLEY FORGE LIFE INSURANCE COMPANY,<br><br>Defendants. | **ROBERT JOHNSON'S OBJECTIONS TO AMENDED STIPULATION OF SETTLEMENT AND AMENDED (PROPOSED) FINAL ORDER AND ORDER APPROVING SETTLEMENT**<br><br>CLASS ACTION<br><br>Honorable Philip S. Gutierrez<br><br>Case No. CV06-2235-PSG (PJWx) |

Objector Robert Johnson was of the view that in light of the objections he and others had raised to the scope of the release, the colloquy at the hearing on May 5, 2008, and the minute order entered on May 6, 2002 (Docket #554), the settlement proponents would be submitting a substantially narrower release. Instead, in a number of ways, the release presented by the settlement proponents in the Amended Stipulation of Settlement (Docket #557) is significantly broader. Not only does has the proposed release been rendered even more offensive, it also

requires that a new notice be sent to the class so that class members can determine whether they want to remain in the class and accept the broader release, or opt out, as is their right under Federal Rule of Civil Procedure 23.

In this objection, Johnson first (Part I) demonstrates the areas in which the release is even broader and more extensive than the proposed release language questioned by the Court in the original proposed settlement. Indeed, the new proposed release purports to release additional claims not even remotely within the scope of the actual litigation, rendering the new language even more offensive. Then (Part II), he demonstrates that the expanded release requires that the class be re-noticed and given a renewed chance to opt-out.

## I. THE NEW RELEASE IS EVEN BROADER AND MORE OFFENSIVE

### A. The Amended Release Continues the Defects in the Original Release

As pointed out in Johnson's initial objection (Docket #422 at 5-6, cases collected), class representatives' authority to release claims is limited by the "identical factual predicate" and "adequacy of representation" doctrines. *Wal-Mart Stores v. Visa U.S.A. Inc.*, 396 F.3d 96 (2d Cir. 2005). As such, a release in a class settlement should only release claims that have the same integral fact predicates as the claims asserted in the litigation. As Johnson pointed out (*Id.* at 5), contrary to this limitation, the original release was defective in purporting to release claims relating to the scope and terms of the long term care coverage, wrongful termination of policies and ongoing disputes arising out of the level of coverage under these policies, among other defects.

As Objector Kulkin notes in her Objection to the Amended Stipulation (Docket #558 at 2-3), the amended release simply repackages the overbroad features of the original release. Moreover, it then extends the original release so that class members would now also be releasing claims for negligence, breach of contract and "any other claims."

It is clear that the settlement proponents know how to write an appropriate release. They have done so in paragraph (2) of the Amended Stipulation of Settlement, which would release

> "claims relating to or arising out of any acts, failures to act, omissions, oral or written representations, facts, events, transactions, or occurrences set forth or

*ROBERT JOHNSON'S OBJECTIONS TO AMENDED STIPULATION OF SETTLEMENT*
*AND AMENDED (PROPOSED) FINAL ORDER AND ORDER APPROVING SETTLEMENT*

alleged in the Actions or in any way related directly or indirectly to the subject matter of the Actions."

Inexplicably, however, they do not stop there, but purport to release a cornucopia of unrelated claims. There is no warrant whatsoever – other than the overreaching of defendant CNA and the supine posture of the purported class representatives and their attorneys – for this conduct.

Moreover, that plaintiff's counsel would propose broadening the release (without any increase in consideration for the settlement) is additional evidence that as Objector Landau forcefully pointed out in her Objection (Docket #415), plaintiff and his counsel are not adequate representatives of the class.

### B. The Amended Release Encompasses Prospective Claims Not Even Mentioned in the Original Release

To make matters worse, the amended release now would also release claims not encompassed within the original release, let alone within the lawsuit. The amended release (in paragraph 2) purports to release claims relating to "any premium rate increase." When read with the relevant introductory language stating that the release encompasses not only presently existing claims but all claims that class members "shall or may hereafter" have against defendants, class members are being asked to prospectively release the right to challenge rate increases, which may be blatantly illegal under governing state insurance laws and regulations.

## II. THE BROADENED RELEASE REQUIRES A NEW NOTICE AND OPPORTUNITY TO OPT OUT

Now that the settlement proponents have proposed a new and even broader release, they must send out a new notice which (a) accurately and clearly describes the scope of the amended release, and (b) provides a new chance to opt out.

Under F.R.C.P. 23, the notice to the class must clearly and accurately describe the material terms of the settlement, including of course the scope of the proposed release. *E.g., Churchill Village, LLC v. General Elec. Corp.*, 361 F.3d 566, 575 (9th Cir. 2004) (notice must fairly apprise class members of settlement terms in sufficient detail to afford them opportunity to decide whether to accept settlement or opt out); *Masters v. Wilhelmina Model Agency, Inc.*, 473 F.3d 423, 438 (2d Cir. 2007) (settlement notice must "fairly apprise the prospective members of

*ROBERT JOHNSON'S OBJECTIONS TO AMENDED STIPULATION OF SETTLEMENT AND AMENDED (PROPOSED) FINAL ORDER AND ORDER APPROVING SETTLEMENT*

3

the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings"). As Johnson pointed out in his original objection (Docket #554 at 6-8), the notice sent to the class was both misleading and defective with regard to the scope of the original release. Now that the release has been substantially broadened, a new notice is imperative – both to set forth the scope of the new release and to clear up the confusion caused by inadequacy of the original notice.

Because the new release is substantively different and broader than the release (inadequately) described in the original notice, class members must also be given a new chance to assess their options. The settlement must therefore be renoticed with a clear and fair description of the proposed release, and class members must be given a new opportunity to determine whether to opt out or remain in the case and accept the burdens and benefits of the settlement.

### III. CONCLUSION

The settlement should be disapproved on the basis of the release and notice issues raised by Objector Johnson and others, and on the basis of the objections raised by Objector Landau (which Johnson has adopted, *see* Docket #553).

Dated: May 23, 2008                    Respectfully submitted,

/s/ Thomas R. Meites
One of the Attorneys for Putative
Class Member and Objector Robert M. Johnson

Thomas R. Meites
Michael M. Mulder
Paul W. Mollica
Shona B. Glink
MEITES, MULDER, MOLLICA & GLINK
20 South Clark Street, Suite 1500
Chicago, Illinois 60603
Tel. (312) 263-0272
Fax (312) 263-2942

and

*ROBERT JOHNSON'S OBJECTIONS TO AMENDED STIPULATION OF SETTLEMENT*
*AND AMENDED (PROPOSED) FINAL ORDER AND ORDER APPROVING SETTLEMENT*

1
2
3
4

Steven A. Mindel
FEINBERG, MINDEL, BRANDT & KLINE
12424 Wilshire Blvd., Suite 900
Los Angeles, CA 90025-1060
Tel. (310) 447-8675
Fax. (310) 447-8678

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*ROBERT JOHNSON'S OBJECTIONS TO AMENDED STIPULATION OF SETTLEMENT*
*AND AMENDED (PROPOSED) FINAL ORDER AND ORDER APPROVING SETTLEMENT*

**PROOF OF SERVICE VIA ELECTRONIC POSTING PURSUANT TO CENTRAL DISTRICT OF CALIFORNIA LOCAL RULES AND ECF GENERAL ORDER NO. 08-02**

I, the undersigned, say:

I am a citizen of the United States and am employed in the office of a member of the Bar of this Court. I am over the age of 18 and not a party to the within action. My business address is 20 South Clark Street, Suite 1500, Chicago, IL 60603.

On May 23, 2008, I caused to be served the following document:

| 1 | ROBERT JOHNSON'S OBJECTIONS TO AMENDED STIPULATION OF SETTLEMENT AND AMENDED (PROPOSED) FINAL ORDER AND ORDER APPROVING SETTLEMENT |
|---|---|

By posting this document to the EFC Website of the United States District Court for the Central District of California, for receipt electronically by the parties; also via mail upon the parties not registered as follows:

SEE SERVICE LIST

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 23, 2008, at Chicago, IL.

/s/ Thomas R. Meites
Thomas R. Meites

SERVICE LIST

| | |
|---|---|
| Daniel Berger<br>Shanon Carson<br>Berger & Montague<br>1622 Locust St.<br>Philadelphia, PA 19103 | Brett Cebulash<br>Garwin, Bronzaft, Gerstein & Fisher<br>1501 Broadway, Suite 1416<br>New York, NY 10036 |
| Ronald L. Futterman<br>Futterman, Howard, Watkins, Wylie & Ashley<br>122 South Michigan Ave., Suite 1850<br>Chicago, IL 60603 | Steven A. Mindel<br>Feinberg, Mindel, Brandt & Kline<br>12424 Wilshire Blvd., Suite 900<br>Los Angeles, CA 90025 |
| J. R. Whaley<br>Neblett Beard & Arsenault<br>2220 Bonaventure Court<br>PO Box 1190<br>Alexandria, LA 71309 | Megan O'Neill<br>Quinn Emanuel Urquhart Oliver & Hedges<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, CA 90017 |

*ROBERT JOHNSON'S OBJECTIONS TO AMENDED STIPULATION OF SETTLEMENT AND AMENDED (PROPOSED) FINAL ORDER AND ORDER APPROVING SETTLEMENT*